UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Versacold USA, Inc., a                    Civil No. 09-2669(DSD/JJK)
Minnesota corporation,

        Plaintiff,

v.

Inland American Brooklyn Park
Atlas, L.L.C., a Delaware
limited liability company, et al.,

        Defendants.
-----------------------------------

Versacold USA, Inc.,                      Civil No. 09-2857(DSD/JJK)

        Plaintiff,

v.

Inland American Brooklyn
Park Atlas, L.L.C.,

        Defendant.


    Marc A. Al, Esq., Christopher N. Weiss, Esq., Darcie C.
    Durr, Esq., Troy J. Hutchinson, Esq. and Stoel Rives LLP,
    33 South Sixth Street, Suite 4200, Minneapolis, MN 55402,
    counsel for plaintiff.

    Joseph J. Cassioppi, Esq. Mark W. Vyvyan, Esq. and
    Fredrikson & Byron, 200 South Sixth Street, Suite 4000,
    Minneapolis, MN 55402, counsel for defendants.


    This matter is before the court upon plaintiff's motions for

preliminary injunctions in two related cases.  Because the motions

involve the same underlying dispute between substantially similar

parties, the court addresses the motions together.  Based upon a

review of the file, record and proceedings herein,[1] plaintiff's motion for a preliminary injunction in civil case number 09-2669 (the "declaratory judgment case") is granted in part, consistent with the court's October 13, 2009, oral order, and plaintiff's motion for a preliminary injunction in civil case number 09-2857 (the "removed case") is denied.

**BACKGROUND**

Plaintiff, Versacold USA, Inc. ("Versacold") provides refrigerated and dry warehousing, transportation and logistical services for food and other products.[2] Defendants, Inland American Brooklyn Park Atlas, L.L.C. ("Inland Brooklyn Park"), Inland American St. Paul Atlas, L.L.C., Inland American Zumbrota Atlas, L.L.C., Inland American New Ulm Atlas, L.L.C., Inland American Douglas Atlas, L.L.C., Inland American Gainesville Atlas, L.L.C., Inland American Pendergrass Atlas, L.L.C., Inland American Cartersville Atlas, L.L.C., Inland American Belvidere Atlas, L.L.C., Inland American Piedmont Atlas, L.L.C., and Inland American Gaffney Atlas, L.L.C. (collectively "Inland") each own a single

---

[1] The court has carefully considered the legal and equitable arguments made by counsel for both parties in the five memoranda and numerous declarations, exhibits and motions submitted in both cases, including the proposed reply and proposed declaration in civil case number 09-2857.

[2] Versacold is a Minnesota corporation with its principal place of business in Vancouver, British Columbia. Versacold is the successor entity to Atlas Cold Storage.

warehouse.[3]   In September 2007, Versacold's predecessor executed sale-leaseback agreements for each warehouse with the individual defendant owners.   The leases are guaranteed by A1988 hf ("the Guarantor").[4]   The Guarantor entered composition with creditors in Iceland in July 2009 and exited composition on August 28, 2009.

On September 29, 2009, at 10:05 a.m. CDT, Inland Brooklyn Park filed an eviction action in Minnesota state court (the "eviction action") alleging that the Guarantor's completed composition proceeding constituted a default under the lease agreement.   The same day, at 11:59 a.m. CDT, Versacold filed a complaint in this court seeking declaratory judgment against Inland on the alleged breach by the Guarantor.[5]   Versacold then moved to enjoin Inland from commencing and prosecuting eviction actions in state court. Oral arguments on Versacold's motion took place on October 7, 2009,

---

[3] Each defendant is a Delaware limited-liability company whose sole member is Inland American Real Estate Trust, Inc., a Maryland corporation with its principal place of business in Oak Brook, Illinois.

[4] The Guarantor is an Icelandic limited-liability company with its principal place of business in Reykjavik, Iceland.

[5] Under Minnesota law, an action is commenced in state court when the summons is served upon the defendant.  Minn. R. Civ. P. 3.01.  In this case, the parties have not established when Inland Brooklyn Park's summons was served on Versacold.   The court resolves "[a]ny doubts as to the propriety of a federal injunction against state court proceedings ... in favor of permitting the state courts to proceed."  Atl. Coast Line R.R. Co. v. Bd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970).  Therefore, the court assumes that Inland Brooklyn Park filed its state claim before Versacold filed its federal claim.

and the court issued an oral order on October 13, 2009. As detailed herein, the court denied Versacold's motion with respect to Inland Brooklyn Park and granted it with respect to the other Inland defendants.

Later that day, Versacold commenced an action in Minnesota state court against Inland Brooklyn Park, seeking to enjoin it from proceeding with the eviction action. Following oral argument on Versacold's motion, but before the state court issued a ruling, Inland Brooklyn Park removed the case to this court on October 14, 2009. That same day, Versacold sought expedited relief and again moved the court to enjoin Inland Brooklyn Park from prosecuting the eviction action.

## DISCUSSION

### I.   The Anti-Injunction Act

The court first considers Versacold's motions for preliminary injunctions against Inland Brooklyn Park, the only defendant currently involved in state court proceedings. The Anti-Injunction Act, 28 U.S.C. § 2283, imposes "an absolute prohibition" upon federal courts against granting an injunction to stay state court proceedings unless one of three exceptions applies: as expressly authorized by act of Congress; where necessary in aid of its jurisdiction; or to protect or effectuate its judgments. Atl. Coast, 398 U.S. at 282-83. The Eighth Circuit narrowly construes

4

these exceptions. See Jones v. St. Paul Cos., 495 F.3d 888, 892-93 (8th Cir. 2007) (adopting a narrow construction of the relitigation exception). It is undisputed that only the "necessary in aid of its jurisdiction" exception may support issuance of an injunction in the declaratory judgment case, and only the "expressly authorized by act of Congress" exception may support issuance of an injunction in the removed case.

## A. The Declaratory Judgment Case

"Necessary in aid of" means "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." Atl. Coast, 398 U.S. at 295. The Eighth Circuit limits the in-aid-of exception to in rem claims. See In re Skywalk Cases, 680 F.2d 1175, 1182-83 (8th Cir. 1982) (in-aid-of exception encompasses in rem but not in personam actions) (citations omitted).

The declaratory judgment case is an in personam contract dispute between a landlord, Inland Brooklyn Park, and its tenant, Versacold. Under Eighth Circuit law, the parallel state court proceeding does not interfere with the jurisdiction of the federal court. Id. at 1183 (citation omitted). Versacold argues, however, that it cannot join the other Inland defendants in the eviction action, and that preclusion doctrines could leave this court with little, if anything left to decide. Such outcomes, however, are "a

5

natural consequence of the nation's dual system of state and federal courts" and do not provide sufficient legal justification for enjoining the state court. Nat'l Basketball Ass'n v. Minn. Prof'l Basketball, Ltd., 56 F.3d 866, 872 (8th Cir. 1995). Therefore, the court determines that the Anti-Injunction Act prohibits the injunctive relief that Versacold seeks in the declaratory judgment case, and the court denies Versacold's motion.

**B.    The Removed Case**

The statute governing removal procedures, 28 U.S.C. § 1446(d), qualifies as an expressly authorized act of Congress for purposes of the Anti-Injunction Act. Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc., 77 F.3d 1063, 1069 (8th Cir. 1996) (citation omitted). Although § 1446(d) instructs the state court to "proceed no further" only in the removed case, courts have interpreted it to authorize injunctions against later-filed state cases filed to subvert removal jurisdiction. Id. Here, the state court has not proceeded to act in the removed case. Moreover, there is no dispute that Inland Brooklyn Park commenced the eviction action in state court well before Versacold initiated the removed case. Accordingly, the removal exception does not authorize the court to stay the eviction action. Despite Versacold's compelling argument that it should not be denied injunctive relief available in state court merely because Inland Brooklyn Park removed the case, in light of the purpose of the

Anti-Injunction Act to "prevent needless friction between state and federal courts," <u>Atl. Coast</u>, 398 U.S. at 286 (citation omitted), the court finds no basis on which to stay the state court in the removed case or the eviction action.  Therefore, the court also denies Versacold's motion for injunctive relief in the removed case.[6]

## II.  The <u>**Dataphase**</u> **Factors**

The court next considers whether an injunction may issue against the remaining Inland defendants.[7]  A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of the injunction is on the movant.  <u>See</u> <u>Watkins Inc. v. Lewis</u>, 346 F.3d 841, 844 (8th Cir. 2003).  The court considers four factors in determining whether a preliminary injunction should issue: (1) the threat of irreparable harm to the movant in the absence of relief, (2) the balance between that harm and the harm that the relief may cause the non-moving party, (3) the likelihood of the movant's ultimate success on the merits and (4) the public

---

[6] The court expresses no opinion on <u>Younger</u> abstention doctrine in either case because the Anti-Injunction Act prohibits the injunction sought by Versacold.

[7] Since none of the remaining Inland defendants had commenced a case in state court at the time of the court's October 13, 2009, oral order, the Anti-Injunction Act does not apply to them.  <u>See</u> <u>Nat'l City Lines, Inc. v. LLC Corp.</u>, 687 F.2d 1122, 1127 (8th Cir. 1982) (Anti-Injunction Act only applies to cases pending in state court).  <u>Younger</u> abstention does not apply to the remaining Inland defendants for this same reason.  <u>See</u> <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982).

interest.  Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc).  The court balances the equitable nature of all four factors to determine whether a preliminary injunction is warranted.  Id. at 113; see also Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039, 1041 (8th Cir. 2003).

A.   **Threat of Irreparable Harm**

Irreparable harm must be certain and imminent such that there is a clear and present need for equitable relief.  Iowa Utils. Bd. v. F.C.C., 109 F.3d 418, 425 (8th Cir. 1996).  Furthermore, the remedy at law must be inadequate.  Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 319 (8th Cir. 2009).  If the remaining Inland defendants file eviction proceedings, Versacold faces summary eviction from its facilities.  Loss of its cold-storage spaces would jeopardize Versacold's ability to store perishable goods, thus threatening its business and relationships with its customers.  Further, Versacold also asserts that cross-default provisions in its loan agreements with other lenders may threaten it with bankruptcy.  These allegations are sufficient to demonstrate irreparable harm.  See Doran v. Salem Inn, Inc., 422 U.S. 922, 932, (1975) (substantial loss of business and perhaps bankruptcy supports irreparable harm finding).  Therefore, the first Dataphase factor weighs in favor of Versacold.

B.    **Balance of Harms**

Under the second <u>Dataphase</u> factor, the court considers whether the irreparable harm to the movant outweighs any potential harm to the nonmovants should the injunction issue.  <u>See</u> <u>Dataphase</u>, 640 F.2d at 114.  Versacold has timely paid its rent to Inland.  The remaining Inland defendants argue, however, that they are harmed because one of their lenders, Fifth Third Bank, views the Guarantor's composition as a default on a loan that Fifth Third Bank made to the remaining Inland defendants.  (Broadfoot Decl. ¶ 6, Oct. 6, 2009.)  Fifth Third Bank, however, has not commenced suit against Inland.  In contrast, Versacold faces imminent eviction and disruption of its business.  A preliminary injunction would give the parties time to settle or adjudicate the alleged default by the Guarantor, which forms the basis of all putative harms in this matter.  Therefore, the court determines that the balance of harms favors issuing the preliminary injunction.

C.    **Likelihood of Success on the Merits**

The court next considers the "most significant" <u>Dataphase</u> factor: likelihood that the movant will prevail on the merits.  <u>S & M Constructors, Inc. v. Foley Co.</u>, 959 F.2d 97, 98 (8th Cir. 1992). At this stage in the proceeding, the court does not decide whether the movant will ultimately win, nor must the movant prove a

greater-than-fifty-percent likelihood of success.   <u>See</u> <u>Glenwood</u>

<u>Bridge, Inc. v. City of Minneapolis</u>, 940 F.2d 367, 371 (8th Cir.

1991); <u>Dataphase</u>, 640 F.2d at 113.

The Guarantor voluntarily entered composition with creditors

in July 2009.  Section 2.1 of the lease agreements between Inland,

Versacold and the Guarantor defines "event of default" as when:

> the Tenant or Guarantor ... becomes bankrupt
> or insolvent or makes an application for
> relief from Creditors or takes the benefit of
> any statute for bankrupt or insolvent debtors
> or makes any proposal or arrangement with
> creditors ... or admits in writing its
> inability to pay its debts as they come due,
> or steps are taken for the winding up or other
> termination of the Tenant's or the Guarantor's
> existence or the liquidation of the Tenant's
> or the Guarantor's assets, or either Tenant or
> Guarantor shall become the subject of any
> involuntary proceeding for relief which is not
> dismissed within sixty (60) days of its filing
> or entry.

(Def.'s Mem. Opp'n 15, Oct. 6, 2009.)  Section 11.1 of the lease

agreements provides:

> Upon each occurrence of an Event of Default
> and so long as such Event of Default shall be
> continuing, Landlord may, at any time
> thereafter at its election: (a) terminate this
> Lease or (b) terminate the Tenant's right of
> possession by notice given in accordance with
> applicable law (but Tenant shall remain liable
> as hereinafter provided) and/or pursue any
> other remedies at law or in equity.

(Pl.'s Mem. Supp. 16, Oct. 5, 2009.)

According to Inland, section 2.1 demonstrates the intent of

the parties to make voluntary reorganization by the Guarantor

immediate and permanent grounds for lease termination.  For the sole purpose of determining likelihood of success, the court disagrees.  Section 2.1 defines the range of conditions that qualify as a default and limits default in involuntary proceedings to those not resolved within sixty days.  Section 11.1 sets forth the timing and actions that the parties may take if the section 2.1 conditions occur.  Specifically, section 11.1 allows for termination of the lease only upon occurrence of an "Event of Default and so long as such Event of Default shall be continuing."  Therefore, while section 11.1 allows for termination when the Guarantor is insolvent, it indicates that a cured default does not provide a basis for termination.

The Guarantor exited composition proceedings on August 28, 2009. (Bolitho Decl. ¶ 4.)  Although Inland argues that the Guarantor presently has no assets, this remains an open question.  Given the language of sections 2.1 and 11.1 of the lease, the court finds, for purposes of the preliminary injunction, that Versacold is likely to prevail in its declaratory judgment action.

### D.    Public Interest

There is a public interest in the vitality of businesses and the continuation of food distribution systems that weighs in favor of Versacold.  Therefore, the final <u>Dataphase</u> factor supports issuance of an injunction.

11

**CONCLUSION**

Based upon a balancing of the four Dataphase factors, the court determines that a preliminary injunction prohibiting defendants, other than Inland Brooklyn Park, from instituting proceedings in state court is warranted. Accordingly, **IT IS HEREBY ORDERED** that:

1.     Versacold's motion in civil case number 09-2857 for leave to file reply memorandum and declaration in support [Doc. No. 22] is granted;

2.     Versacold's motions for preliminary injunctions against Inland American Brooklyn Park Atlas, L.L.C. and the Minnesota state court in civil case number 09-2669 [Doc. No. 17] and civil case number 09-2857 [Doc. No. 3] are denied;

3.     Versacold's motion for a preliminary injunction against Inland American St. Paul Atlas, L.L.C., Inland American Zumbrota Atlas, L.L.C., Inland American New Ulm Atlas, L.L.C., Inland American Douglas Atlas, L.L.C., Inland American Gainesville Atlas, L.L.C., Inland American Pendergrass Atlas, L.L.C., Inland American Cartersville Atlas, L.L.C., Inland American Belvidere Atlas, L.L.C., Inland American Piedmont Atlas, L.L.C., and Inland American Gaffney Atlas, L.L.C., in civil case number 09-2669 [Doc. No. 17] is granted;

4.     Defendants Inland American St. Paul Atlas, L.L.C., Inland American Zumbrota Atlas, L.L.C., Inland American New Ulm Atlas,

L.L.C., Inland American Douglas Atlas, L.L.C., Inland American Gainesville Atlas, L.L.C., Inland American Pendergrass Atlas, L.L.C., Inland American Cartersville Atlas, L.L.C., Inland American Belvidere Atlas, L.L.C., Inland American Piedmont Atlas, L.L.C., and Inland American Gaffney Atlas, L.L.C., are hereby enjoined from commencing the prosecution of any eviction or unlawful-detainer type proceedings against or involving Versacold USA, Inc;

5.   In lieu of a bond, Versacold shall continue to make timely rent and additional-rent payments as a condition to the continued validity and enforceability of this order.

Dated:  October 29, 2009

                              s/David S. Doty
                              David S. Doty, Judge
                              United States District Court