**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Versacold USA, Inc.,<br><br>        Plaintiff,<br>v.<br><br>Inland American Brooklyn Park Atlas, L.L.C.,<br><br>        Defendant. | Civil Action: 09-CV-02857-DSD-JJK<br><br>**ANSWER AND COUNTERCLAIM** |

For its Answer to the Complaint of Plaintiff Versacold USA, Inc. ("Plaintiff"), Defendant Inland American Brooklyn Park Atlas, L.L.C., ("Defendant") states and alleges as follows:

    1.    Except as specifically admitted, qualified, or otherwise answered herein, Defendant denies each and every matter, thing, and allegation in the Complaint.

    2.    Defendant admits the allegations in paragraph 1 of the Complaint.

    3.    Defendant admits the allegations in paragraph 2 of the Complaint.

    4.    Defendant admits the allegations in paragraph 3 of the Complaint.

    5.    Defendant admits that Plaintiff's predecessors-in-interest entered into a lease agreement with Defendant on September 28, 2007 as alleged in paragraph 4 of the Complaint. The remaining allegations in paragraph 4 of the Complaint refer to documents. Defendant states that said documents speak for themselves.

    6.    Defendant admits the allegations in paragraph 5 of the Complaint.

7. The allegations in paragraph 6 of the Complaint state legal conclusions to which no response is required. Insofar as the allegations in paragraph 6 require a responsive pleading, Defendant denies the same.

8. The allegations in paragraph 7 of the Complaint state legal conclusions to which no response is required. Insofar as the allegations in paragraph 7 require a responsive pleading, Defendant denies the same.

9. Defendant admits the allegations in paragraph 8 of the Complaint.

10. Defendant admits that Plaintiff's predecessors-in-interest sold eleven cold storage facilities to Defendant and its affiliated entities as part of a sale/leaseback transaction, as alleged in paragraph 9 of the Complaint.

11. Defendant admits that Plaintiff operates refrigerated warehouses, and that those warehouses refrigerate fresh and frozen foods, as alleged in paragraph 10 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint and therefore denies the same.

12. Defendant admits the allegations in paragraph 11 of the Complaint.

13. In response to the allegations in paragraph 12 of the Complaint, Defendant admits that it, and its affiliates, required the execution of a guaranty by Hf. Eimskipafelag Islands ("Guarantor"), an Icelandic Corporation with its principal place of business in Iceland. Defendant further admits that Plaintiff, its predecessors in interest, and affiliated entities provided Defendant with financial information related to the Guarantor, and that the Guarantor published financial information on its website.

14. In response to the allegations in paragraph 13 of the Complaint, Defendant admits that the Guarantor entered an Icelandic composition proceeding and that Inland American submitted a claim in the proceeding. Defendant further admits that the Guarantor's entrance into the composition proceeding constituted a breach of the eleven leases with Defendant and its affiliates, and that the leases had not been terminated, as alleged in paragraph 13. Defendant further admits that the composition agent rejected Inland American's claim as contingent, Inland American has not contested the composition order, and that the Guarantor has since exited the composition proceedings, as alleged in paragraph 13. Defendant affirmatively alleges that, upon information and belief, following the Composition, the Guarantor has little or no assets or net worth.

15. In response to the allegations in paragraph 14 of the Complaint, Defendant admits that the guarantees were not rejected or terminated in the composition proceeding or by the Guarantor, and that the Guarantor remains liable on the guaranties. Defendant denies the remaining allegations in paragraph 14. Defendant affirmatively alleges that that, upon information and belief, in the event of a claim under the guarantees, recovery will be limited to a maximum of approximately 11% of the claim, diminishing or destroying the value of the guarantees.

16. Defendant admits the allegations in paragraph 15 of the Complaint.

17. Defendant admits that Plaintiff has taken the position alleged in paragraph 16 of the Complaint.

18. Defendant denies the allegations in paragraph 17 of the Complaint. Defendant affirmatively alleges that it has informed Plaintiff that a default has occurred

under the Leases and that Defendant has initiated an eviction proceeding against Plaintiff in Hennepin County District Court.

19. In response to the allegations in paragraph 18 of the Complaint, Defendant admits that Plaintiff commenced a declaratory judgment action in the United States District Court for the District of Minnesota, captioned in the manner identified therein. Defendant affirmatively alleges that it commenced an eviction action in Hennepin County Housing Court prior to Plaintiff's filing of its declaratory judgment action. Defendant admits that Plaintiff was served with a summons and complaint later that afternoon, as alleged in paragraph 18. The remaining allegations in paragraph 18 of the Complaint refer to documents. Defendant states that said documents speak for themselves.

20. In response to the allegations in paragraph 19 of the Complaint, Defendant states that Inland American is the sole member of each Defendant and its affiliates and admits the remaining allegations therein.

21. The allegations in paragraph 20 of the Complaint state legal conclusions to which no response is required. Insofar as the allegations in paragraph 20 require a responsive pleading, Defendant denies the same.

22. Defendant realleges and incorporates by reference all previous denials and defenses in this Answer as though fully set forth herein.

23. Defendant admits the allegations in paragraph 22 of the Complaint.

24. Defendant admits that Plaintiff has taken the position that it alleges in paragraph 23 of the Complaint.

25. Defendant admits that Plaintiff has taken the position that it alleges in paragraph 24 of the Complaint.

26. Defendant admits that Plaintiff has taken the position that it alleges in paragraph 25 of the Complaint.

27. Defendant admits that Plaintiff has taken the position that it alleges in paragraph 26 of the Complaint.

28. Defendant admits that Plaintiff has taken the position that it alleges in paragraph 27 of the Complaint.

29. The allegations in paragraph 28 of the Complaint state legal conclusions to which no response is required.

30. Defendant admits that Plaintiff requests the relief contained in paragraph 29 of the Complaint, but specifically denies Plaintiff's entitlement to such relief.

31. Defendant admits that Plaintiff requests the relief contained in paragraph 30 of the Complaint, but specifically denies Plaintiff's entitlement to such relief.

32. Defendant realleges and incorporates by reference all previous denials and defenses in this Answer as though fully set forth herein.

33. The allegations in paragraph 32 of the Complaint state legal conclusions to which no response is required.

34. The allegations in paragraph 33 of the Complaint state legal conclusions to which no response is required.

35. The allegations in paragraph 34 of the Complaint state legal conclusions to which no response is required.

36. The allegations in paragraph 35 of the Complaint state legal conclusions to which no response is required.

37. Defendant denies the allegations in paragraph 36 of the Complaint.

38. Defendant denies the allegations in paragraph 37 of the Complaint.

39. Defendant realleges and incorporates by reference all previous denials and defenses in this Answer as though fully set forth herein.

40. Upon information and belief, Defendant admits the allegation in paragraph 39 of the Complaint.

41. Defendant denies the allegations in paragraph 40 of the Complaint.

42. Defendant denies the allegations in paragraph 41 of the Complaint.

43. Defendant denies the allegations in paragraph 42 of the Complaint.

44. Defendant specifically denies Plaintiff's entitlement to the relief requested following the wherefore clause in the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

3. Plaintiff's claims are barred by its own breach of the leases.

4. Plaintiff is not entitled to a declaration of its rights under the Leases.

5. Plaintiff's claims are barred by the Anti-Injunction Act.

6. The Court lacks subject mater jurisdiction over some or all of Plaintiff's claims.

7. Minnesota is an improper venue for the determination of disputes among the parties.

8. Plaintiff's claims are barred by the doctrine of unclean hands.

9. Plaintiff has suffered no damages, or the damages it has suffered are the result of its own actions or inaction.

10. Plaintiff has failed to mitigate any damages it may have suffered.

## COUNTERCLAIM

1. Defendant re-alleges and incorporates by reference each of the previous paragraphs of this Answer and Counterclaim.

2. As set forth in the Complaint, Defendant is the owner of a parcel of real property located in Brooklyn Park, Minnesota, containing a warehouse facility, which is leased to Plaintiff pursuant to the lease attached to the Complaint (the "Lease").

3. Defendant hereby incorporates by reference the terms of the Lease.

4. The Lease required the execution of a guaranty by Hf. Eimskipafelag Islands, an Icelandic corporation (the "Guarantor"), and the Guarantor did, in fact, execute a guaranty of the Lease.

5. Paragraph 2.1 of the Lease provides that an "Event of Default" occurs under the Lease if:

> the Tenant or Guarantor makes an assignment for the benefit of creditors or becomes bankrupt or insolvent or makes an application for relief from Creditors or takes the benefit of any statute for bankrupt or insolvent debtors or makes any proposal or arrangement with creditors (collectively, a "proceeding for relief"), or admits in writing its inability to pay its debts as they come due, or steps are taken for the winding up or other termination of the Tenant's or the Guarantor's existence or the liquidation of the

> Tenant's or the Guarantor's assets, or either Tenant or Guarantor shall become the subject of any involuntary proceeding for relief which is not dismissed within sixty (60) days of its filing or entry;

6.   On or about July 1, 2009, the Guarantor entered a "composition proceeding" in Iceland.  An Icelandic composition proceeding is similar in substance to a American Chapter 11 bankruptcy.

7.   In connection with its composition proceeding, the Guarantor issued a "Explanatory Memorandum for Creditors in Respect of the Petition for License to Seek Composition with the Creditors" (the "Explanatory Memorandum").

8.   In its Explanatory Memorandum, the Guarantor admitted its insolvency and inability to pay its debts as they come due.  Specifically, the Guarantor stated:

> Since October 2008 [Guarantor] has not been servicing its borrowings as agreed with or acquiesced in by financial creditors under the Standstill Agreements and de facto standstill arrangements.  But for these arrangements, [Guarantor] would be unable to meet its debts as they fall due and would need to file for liquidation.

9.   As a result of its composition filing, insolvency, and written admission of its inability to pay its debts as they come due, an Event of Default has occurred under the Lease.

10.   The Lease, as well as the ten other leases between Inland affiliates and Plaintiff referred to above, contain cross-default provisions; in other words, a default under the Lease or any of the other leases, constitutes a default under all of the leases. Accordingly, in addition to its default under the Lease by reason of Guarantor's composition proceeding, insolvency, and written admission of its inability to pay its debts

as they come due, Plaintiff is also in default under the Lease by reason of its default under each of the other leases.

11. As a result of Plaintiff's default under its Lease for its facility located in Brooklyn Park, Minnesota, Defendant commenced an eviction action in Hennepin County District Court (Court File No. 27-CV-HC-09-7620) (the "Hennepin County Eviction Action") on September 29, 2009, prior to Plaintiff's commencement of this proceeding. The Hennepin County Eviction Action is pending.

## **DECLARATORY JUDGMENT**

12. Defendant re-alleges and incorporates by reference each of the previous paragraphs of this Answer and Counterclaim.

13. For the reasons set forth above, Plaintiff is in default under the Lease. Pursuant to the terms of the Lease, that defaults allow Defendant to proceed with its remedies under the Lease, including but not limited to evicting Plaintiff from the leased facilities.

14. Plaintiff denies that it is in default under the Lease.

15. To the extent not previously decided in the Hennepin County Eviction Action, Defendant requests that this Court declare that an Event of Default has occurred under the Lease; that Plaintiff is in default thereunder, and that Defendant is entitled to pursue all of the remedies available to it under the Lease, including but not limited to evicting Plaintiff from the leased facility.

WHEREFORE, Defendant respectfully requests judgment as follows:

1. Dismissing Plaintiff's Complaint with prejudice and on the merits;

2. To the extent not previously decided in the Hennepin County Eviction Action, that that an Event of Default has occurred under the Brooklyn Park Lease; that Plaintiff is in default thereunder, and that Defendant is entitled to pursue all of the remedies available to it under the Lease, including but not limited to evicting Plaintiff from the leased facility;

3. Awarding Defendant its costs, disbursements and reasonable attorneys' fees incurred herein; and

4. Granting such other and further relief as the Court may deem just and proper.


Dated:  November 2, 2009

/s/ Joseph J. Cassioppi
Mark W. Vyvyan (#280070)
Joseph J. Cassioppi (#0388238)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street
Suite 4000
Minneapolis MN 55402-1425
612-492-7005
612-492-7077  fax

**Attorneys for Defendant**

4642726_3.DOC